UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS KUTTERER,

Plaintiff,

v.

SOLANO COUNTY JAIL, et al.,

Defendants.

No. 2:24-cv-03201-EFB (PC)

ORDER

Plaintiff is a county jail inmate proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF Nos. 2, 5, 7.

Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Discussion</u>

Plaintiff names three defendants in the caption of his complaint: (1) the Solano County Jail, (2) Clemon Hatcher, and (3) Ferrara. However, the body of the complaint contains no allegations against Hatcher and Ferrara, so these defendants must be dismissed. The complaint instead asserts one claim against the Jail and another against Nigara, a doctor at the Jail, who is

not included in the caption.

In his first claim, plaintiff alleges that he is disabled and confined to a wheelchair. He is housed in a room that lacks a railing or a mirror that can be seen from sitting, which makes it difficult for him to use the restroom.

The ADA prohibits public entities, which includes correctional facilities, from discriminating against qualified disabled individuals by excluding them from or denying them the benefits of services, programs, or activities of the public entities. 42 U.S.C. § 12132; *Duffy v. Riveland*, 98 F.3d 447, 455-56 (9th Cir. 1996). To allege a violation of the ADA, a plaintiff must state facts showing that (1) he is disabled; (2) he is otherwise qualified to participate; (3) the defendant prevented his participation in or denied him the benefits of a service, program, or activity or otherwise subjected him to discrimination; (4) the defendant's decision was based on plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

The ADA prohibits disabled inmates from being excluded from participation in inmate services, programs, or activities, including medical programs, for which they are otherwise qualified. *Pierce v. County of Orange*, 526 F.3d 1190, 1215 (9th Cir. 2008). A plaintiff can allege disability discrimination in the provision of inmate services, programs, or activities under the ADA or the Rehabilitation Act by pleading either (1) discrimination based on disparate treatment or impact, or (2) denial of reasonable modifications or accommodations. *Dunlap v. Ass'n of Bay Area Gov'ts*, 996 F. Supp. 962, 965 (N.D. Cal. 1998) ("[T]he ADA not only protects against disparate treatment, it also creates an affirmative duty in some circumstances to provide special, preferred treatment, or 'reasonable accommodation.'").

Construed liberally, and for the purpose of § 1915A screening only, plaintiff has stated a potentially cognizable ADA claim against the Solano County Jail.

In his second claim, plaintiff alleges that defendant Nigara failed to follow an order from a doctor at U.C. Davis concerning the treatment of plaintiff's burns. This claim must be dismissed because it is unrelated to plaintiff's ADA claim against the Jail. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit

where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id*. Plaintiff may raise the claim in another action or file an amended complaint containing allegations showing that the burn treatment claim is related to the ADA claim.

Plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein. Plaintiff is not obligated to amend the complaint, he may instead elect to proceed solely on the cognizable ADA claim against the Solano County Jail.

Leave to Amend

If plaintiff chooses to file an amended complaint, he should note that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

////

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, a potentially cognizable ADA claim against the Solano County Jail.
4. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: August 20, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS KUTTERER,<br>Plaintiff,<br>v.<br>SOLANO COUNTY JAIL, et al.,<br>Defendants. | No. 2:24-cv-03201-EFB (PC)<br><br><u>NOTICE OF ELECTION</u> |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) ______ proceed only with the ADA claim identified in the Screening Order against defendant Solano County Jail.

OR

(2) ______ delay serving any defendant and file an amended complaint.

____________________________________

Plaintiff

Dated: